NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUAN P. HOWARD,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2184

---

Petition for review of the Merit Systems Protection Board in No. SF-0841-20-0355-I-1.

---

Decided: July 10, 2025

---

QUAN P. HOWARD, Santa Clara, CA, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, PROST and REYNA, *Circuit Judges*.

PER CURIAM.

Quan Howard petitions for review of a final order of the Merit Systems Protection Board (Board) affirming the dismissal of his appeal of an Office of Personnel Management (OPM) decision as untimely filed. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Howard was employed by the United States Postal Service (USPS) from January 1995 to July 2015, when he was removed from his position for misconduct. Appx. 11.[1] In 2018, Mr. Howard applied to OPM for deferred retirement. *Id.* OPM granted Mr. Howard's application without enhanced law enforcement retirement benefits under 5 U.S.C. §§ 8412(d) and 8415(e). *Id.* Mr. Howard disputed his eligibility for enhanced law enforcement retirement benefits, and on June 25, 2019, OPM issued a final decision determining he is ineligible. Appx. 11–12; Appx. 56–57 (OPM final decision).

On April 2, 2020, Mr. Howard appealed to the Board. Appx. 11. OPM moved to dismiss, and after considering Mr. Howard's arguments on the issue of timeliness, the administrative judge (AJ) issued an initial decision dismissing his appeal as untimely. *Id.* at 10–16. Mr. Howard filed a petition for review, which the Board denied in a final order affirming the initial decision. Appx. 1–4. Mr. Howard petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

Board regulations state that "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the

---

[1]    "Appx." refers to the Appendix attached to Respondent's Informal Brief.

appellant's receipt of the agency's decision, whichever is later." 37 C.F.R. § 1201.22(b)(1). "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 37 C.F.R. § 1201.22(c).

Board regulations also provide for constructive receipt of agency decisions:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee. While such a presumption may be overcome under the circumstances of a particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service.

37 C.F.R. § 1201.22(b)(3); *see also id.* at Example A ("An appellant who fails to pick up mail delivered to his or her post office box may be deemed to have received the agency decision.").

We must affirm final orders or decisions of the Board unless the Board's actions, findings, or conclusions are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. MSPB*, 966 F.2d 650, 653 (Fed. Cir. 1992).

OPM mailed its final decision to Mr. Howard on June 25, 2019. Appx. 13. Although Mr. Howard did not receive the decision, he does not dispute he received a notice of attempted delivery left at his address by USPS on June 28, 2019. *Id.*; Pet'r's Informal Br. 3. The AJ found this to be constructive receipt of OPM's decision, making Mr. Howard's deadline to file an appeal July 28, 2019. Because Mr. Howard did not file his appeal until April 2, 2020, the AJ found Mr. Howard filed his appeal 249 days late. Appx. 13–14.

Mr. Howard argues the 30-day appeal window did not start on June 28, 2019, but on March 17, 2020, when he actually received OPM's final decision. Pet'r's Informal Br. 3. According to Mr. Howard, there is insufficient evidence to support the AJ's conclusion of constructive receipt because there is no evidence USPS's notice included a name or address of the sender or any information about the nature of the document. *Id.* at 3–7.

The Board considered Mr. Howard's arguments, but noted "the Board's regulation at 5 C.F.R. § 1201.22(b)(3) does not require knowledge of the sender's identity as a condition of constructive delivery." Appx. 3. The Board also explained that "[e]ven if [Mr. Howard] was unaware that the item was a letter from OPM, he was still on notice that USPS had attempted to deliver it and that he would need to pick it up at the post office or arrange to have it delivered at a later date." *Id.* Mr. Howard did not explain to the Board his failure to take such ordinary measures, nor does he do so now. Accordingly, we decline to hold the Board abused its discretion by affirming the AJ's determination that Mr. Howard's failure to pick up his mail was either intentional or negligent conduct which frustrated actual service. Appx. 14; *see also* 37 C.F.R. § 1201.22(b)(3) ("An appellant who fails to pick up mail delivered to his or her post office box may be deemed to have received the agency decision"). Thus, Mr. Howard's 30-day appeal

window began with his constructive receipt of OPM's final decision on June 28, 2019, and his appeal was untimely.

Even when an appeal is untimely, the appellant may argue that good cause exists for the delay. 5 C.F.R. § 1201.22(c). We see no abuse of discretion in the Board's determination that Mr. Howard failed to establish good cause for the untimely filing of his appeal. The AJ considered the "many inquiries" Mr. Howard claims to have made with OPM about the status of his retirement application but found no record evidence of these inquiries and noted the incongruity of such actions with Mr. Howard's failure to pick up his mail. Appx. 16. The AJ also considered the length of the delay and Mr. Howard's representation by counsel and found these factors weighed against waiving the filing deadline. *Id.* We see no abuse of discretion in the AJ's analysis or the Board's affirmance thereof.

### CONCLUSION

We have considered Mr. Howard's remaining arguments and find them unpersuasive. Accordingly, we *affirm* the Board's dismissal of Mr. Howard's appeal as untimely.

### AFFIRMED

### COSTS

No costs.